UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMANDA U. AJULUCHUKU, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 05-0177 (EGS) Document Nos. 7, 12, 13, 14 |
| ACCOUNTEMPS OF ROBERT HALF INTERNATIONAL, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

In this action filed *pro se*, plaintiff alleges that defendant discriminated against her based on her disability and race. She also accuses defendant of slander and libel. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6) on the grounds of statute of limitations and, with respect to the discrimination claims, failure to exhaust administrative remedies. Upon consideration of the parties' submissions, the Court will grant defendant's motion.

I.  BACKGROUND

Plaintiff's claims are based on alleged events surrounding her termination from a temporary employment position. She alleges that in September 2001, defendant assigned her to a four-month position with a non-profit organization in Arlington, Virginia. She "was hired as Acting Finance Director until a permanent replacement was found." Complaint at 2. On the third day of her placement, however, plaintiff alleges that defendant left a message at her home telling her not to return to the job because it had ended. *Id*. When she called from her job site the following morning for confirmation of the message, defendant told her that she was fired for

disobeying orders. *Id*. On October 1, 2001, plaintiff filed a charge of race and national origin discrimination with the Arlington County Human Rights Commission, which cross filed the petition with the Equal Employment Opportunity Commission. *See* Deft's Ex. 1. Plaintiff withdrew the charge on February 26, 2002. Deft's Ex. 2. She initiated this action on January 26, 2005.

## II.  DISCUSSION

Plaintiff's federal claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Before suing under either Act, an aggrieved employee must exhaust administrative remedies. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (Title VII);  42 U.S.C. § 12117(a) (ADA incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e- 5). "Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction." *Artis v. Greenspan*, 223 F. Supp.2d 149, 152 (D.D.C. 2002).  The purpose of this strict requirement is to allow "the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996).  It is appropriate to grant a defendant's motion for summary judgment when a plaintiff fails to demonstrate exhaustion of administrative remedies. *See Siegel v. Kreps*, 654 F.2d 773 (D.C. Cir. 1981).  "A Title VII lawsuit following the EEOC charge is limited in scope to claims that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir.1995), *cert. denied*, 519 U.S. 811 (1996) (quoting *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994) (omitting other citations)).

3

Defendant asserts correctly that plaintiff's ADA claim cannot proceed because her administrative charge did not include disability discrimination.  *See* Deft's Ex. 1 (plaintiff's administrative charge based on race and national origin).[1]  Defendant asserts that the Title VII claim cannot proceed because plaintiff withdrew the administrative charge before receiving a right to sue notice.  "Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself." *Park v. Howard University*, 71 F.3d at 904 (citing 42 U.S.C. § 2000e-5(f)(1)).[2]  The Court will grant the motion to dismiss the ADA and Title VII claims for failure to exhaust.  Defendant suggests, and the Court agrees, that any effort by plaintiff to cure these deficiencies by now proceeding through the administrative process would be futile because Title VII requires the bringing of an administrative charge 300 days from the alleged unlawful practice.  *See* 42 U.S.C. § 2000e-5(e)(1).  Here, the unlawful practice is alleged to have occurred on September 20, 2001.  Deft's Ex. 1.  Any charges stemming therefrom certainly would be untimely.  As for the common law claims of slander and libel alleged to have occurred sometime in September 2001, defendant asserts correctly they are barred by the District of Columbia's one-year statute of limitations.  *See Thompson v. Jasas Corp.* 212 F. Supp.2d 21, 26 (D.D.C. 2002) (citing D.C. Code § 12-301(4)).

---

[1] In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may rely on defendant's exhibits without converting the motion to one for summary judgment.  *Artis v. Greenspan*, 223 F. Supp.2d at 152, n.1.

[2] An aggrieved person may also file an action upon the passage of 180 days without agency action.  *See* 42 U.S.C. § 2000e-16(c).  Plaintiff withdrew her administrative complaint nearly 120 days after its filing and therefore cannot come within this provision.

4

For the reasons stated above, the Court grants defendant's motion to dismiss the complaint.  A separate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　SIGNED:     EMMET G. SULLIVAN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DATE: November 21, 2005